United States District Court
Southern District of Texas
**ENTERED**
March 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDDY FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00044 |
| | § | |
| N. HILL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
TO RETAIN CASE AND TO DISMISS CERTAIN CLAIMS**

Plaintiff Freddy Flores, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and for the reasons discussed below, the undersigned respectfully recommends that the district court **RETAIN** Plaintiff's excessive force claim against Officer N. Hill in his individual capacity for monetary relief. The undersigned will order service separately on Officer Hill with respect to the excessive force claim retained in this case. The undersigned recommends further that the Court **DISMISS with prejudice**:

- Plaintiff's claim against the Nueces County Jail; and

- Plaintiff's claim seeking relief in the form of terminating Officer Hill's employment.

1 / 11

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a pretrial detainee confined at the Nueces County Jail in Corpus Christi, Texas.  Plaintiff's allegations arise in connection with his current confinement at the Nueces County Jail.

In his Complaint, Plaintiff sues Nueces County Correctional Officer N. Hill.[1]  (D.E. 1, pp. 1, 3).  Plaintiff claims that, on December 2, 2025, Officer Hill used excessive force on him.  (D.E. 1, p. 4).  At the Court's direction, Plaintiff has filed a More Definite Statement to further explain his claims.  (D.E. 13).  Plaintiff alleges the following in his Complaint and More Definite Statement:

- on December 2, 2025, Officer Hill instructed Plaintiff to pack his stuff because Plaintiff had disrespected staff and needed to be moved from his cell;

- while not resisting Officer Hill's orders, Plaintiff asked Officer Hill whether Plaintiff could "speak to rank";

- after Officer Hill refused Plaintiff's request, Officer Hill again instructed Plaintiff to pack his stuff or be slammed to the floor;

- Plaintiff told Officer that he cannot use force because Plaintiff was posing no threat;

---

[1] While not naming the Nueces County Jail in the "Parties to this Suit" section of his complaint, Plaintiff later indicates he would like to pursue a lawsuit against both the Nueces County Jail and Officer Hill.  (D.E. 1, p. 4).  In a separate Order, the undersigned has directed the Clerk to add the Nueces County Jail as a party defendant.

2 / 11

- Plaintiff did not threaten Officer Hill and sat on his bed in a way as to not pose a threat;

- Plaintiff again asked for "rank," to which Officer Hill responds that he is "rank";

- Plaintiff responded by telling Officer Hill that he is not "rank" and for him not to touch Plaintiff;

- Officer Hill proceeded to jump on Plaintiff and punched him several times including in the face;

- after Plaintiff plead for Officer Hill to stop, Officer Hill punched Plaintiff again;

- Plaintiff shoved Officer Hill off and started to throw a punch back at Officer Hill;

- Plaintiff stopped himself from throwing the punch because another officer (Officer Perez) said "hey";

- after Plaintiff sat back down on his bunk, Officer Hill jumped back on Plaintiff, punched Plaintiff in the face again, and stomped on his left hand several times;

- despite Officer Perez instructing Officer Hill to stop, Officer Hill did not listen and continued punching Plaintiff in the face;

- by the time back up arrived at Plaintiff's cell, Officer Hill was choking Plaintiff such that Plaintiff was unable to breathe;

- Plaintiff managed to get Officer Hill's arm off his neck and was on the ground while another officer placed handcuffs on Plaintiff; and

- Officer Hill proceeded to punch Plaintiff again.

(D.E. 1, pp. 6-8; D.E. 13, p. 2).  As a result of Officer Hill's use of force, Plaintiff suffered

two black eyes, a fractured hand, and marks around his neck from being choked.  (D.E. 1,

p. 8).  Plaintiff states that an x-ray taken showed he has suffered a broken hand which hurts to this day.  (D.E. 13, p. 3).  Plaintiff states further that he received treatment for his other injuries in the form of pain medication and that it took two weeks for his black eyes and neck marks to heal.  *Id.*  Plaintiff asks the Court to terminate Officer Hill's employment and for money damages.  (D.E. 1, p. 4; D.E. 13, p. 4).

## III.  GOVERNING LAW

### A.  Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Pleadings filed by *pro se* litigants like Plaintiff are construed using a less stringent standard of review. Documents filed by *pro se* litigants are to be liberally construed, and *pro se* complaints, however inartfully drafted they might be, are held to less stringent standards than formal pleadings drafted by lawyers. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff's well-pleaded factual allegations in the complaint are to be taken as true for purposes of screening, but such deference does not

5 / 11

extend to conclusory allegations, unwarranted factual inferences, or legal conclusions. *DeMarco v. Davis*, 914 F.3d 383, 386-87 (5th Cir. 2019).

### B. Relevant law regarding § 1983

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).

## IV.   DISCUSSION

### A. Claim against Nueces County Jail

The Nueces County Jail is not an entity capable of being sued in a § 1983 action. *Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at \*4 (S.D. Tex. Dec. 13, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991)). Accordingly, the undersigned respectfully recommends that Plaintiff's claim against the Nueces County Jail be dismissed with prejudice as frivolous or for failure to state a claim for relief.

### B. Claim seeking Termination of Officer Hill

As one of his remedies, Plaintiff seeks the termination of Officer Hill.  This is not a proper remedy in a prisoner civil rights action because "[t]he Court has no authority to terminate the defendant['s] employment."  *Mitchell v. Garza*, No. A-25-CV-00779-ADA, 2025 WL 3251725, at *2 (W.D. Tex. Oct. 15, 2025); *see also Lester v. Flores*, No. 2:23-CV-00263, 2024 WL 6815754, at *8 (S.D. Tex. Apr. 8, 2024) (Neurock, M.J.), *adopted*, 2024 WL 6815699 (S.D. Tex. Jul. 29, 2024) (Morales, J.) (concluding that inmate's "request for injunctive relief in the form of an order terminating Officer Flores' employment because of his alleged past misconduct is not an available form of injunctive relief here").  Accordingly, the undersigned respectfully recommends that Plaintiff's claim seeking Officer Hill's termination for employment be dismissed with prejudice as frivolous or for failure to state a claim for relief.  *See Hall v. Carny*, No. 22-CV-4094, 2023 WL 187569, at *1 n.3 (E.D. Pa. Jan. 13, 2023) (concluding that a § 1983 claim for injunctive relief in the form of seeking an official's termination is not plausible and subject to dismissal with prejudice).

### C. Excessive Force Claim against Officer Hill

Plaintiff claims that Officer Hill used excessive force against him.  This excessive force claim arises under the Fourteenth Amendment because the incident at issue occurred while Plaintiff was a pretrial detainee at the Nueces County Jail.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (abrogating the application of Eighth Amendment excessive force standards articulated in *Hudson v. McMillian*, 503 U.S. 1 (1992), to pretrial detainees).  To sufficiently state an excessive force claim, "a pretrial

detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.*

"[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The reasonableness of the force used must be assessed "from the perspective and with the knowledge of the defendant officer" and with "deference to policies and practices needed to maintain order and institutional security." *Id.* at 399-400.  In determining the objective reasonableness of an officer's use of force, a court should consider the following non-exclusive factors: (1) "the relationship between the need for the use of force and the amount of force used;" (2) "the extent of the plaintiff's injury;" (3) "any effort made by the officer to temper or limit the amount of force;" (4) "the severity of the security problem at issue;" (5) "the threat reasonably perceived by the officer;" and (6) "whether the plaintiff was actively resisting." *Id.* at 397.

The Supreme Court recognizes that, while no particular quantum of injury is required, the extent of injury suffered by an inmate is an important factor courts consider when determining whether the amount of force used on a pretrial detainee was reasonable. *See Kingsley*, 576 U.S. at 397; *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  The Fifth Circuit and district courts have consistently dismissed cases where the inmate alleges nothing more than a *de minimis* injury in the complaint. *See, e.g., Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming district court's dismissal of plaintiff's excessive force claim where injury consisted of "a sore, bruised ear lasting for three days" was *de minimis*);

*Welsh v. Correct Care Recovery Solutions*, 845 F. App'x 311, 318 (5th Cir. 2021) (affirming district court's dismissal of plaintiff's excessive force claim where injuries consisting of bruising and swelling lasting for one week were *de minimis*).

Nevertheless, "[a]ny force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only." *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013) (footnote omitted). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397. "[A]s long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force." *Brown*, 524 F. App'x at 79 (footnotes omitted) (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)).

Applying the *Kingsley* factors to the facts alleged by Plaintiff, which must be accepted as true for purposes of screening, the undersigned concludes that the actions of Officer Hill—in repeatedly punching Plaintiff, stomping on his left hand, and choking him—were objectively unreasonable especially in light of the significant injuries reportedly suffered by Plaintiff as a result of the use of force. *See, e.g., Fennell v. Quintela*, 393 F. App'x 150, 152 (5th Cir. 2010) (holding that allegations that one prison officer slammed plaintiff against a wall and injured his shoulder and another officer grabbed and twisted his wrists and injured his wrists, presented a fact issue as to whether the force used was excessive and clearly unreasonable); *Drumm v. Valdez*, No. 3:16-CV-3482-M-BH, 2019 WL 7494443, at *5 (N.D. Tex. Dec. 3, 2019), *adopted*, 2020 WL 85163 (N.D. Tex.

Jan. 6, 2020) (finding that detainee's allegations of officers hitting him, placing him on the floor, restraining his arms, choking him, and closing a cell door on him reasonably suggested that the use of force by several officers was objectively unreasonable). Plaintiff's allegations further indicate that he did not provoke the use of such extensive force, that Officer Hill made little to no effort to temper or limit the amount of force, and that Plaintiff did not present the officers with a serious security issue at the time of the use of force since he was in his cell at the time of the incident.

Accordingly, accepting Plaintiff's allegations as true, the undersigned finds that Plaintiff states a plausible Fourteenth Amendment excessive force claim against Officer Hill. The undersigned recommends that this claim be retained against Officer Hill in his individual capacity.

## V.    RECOMMENDATION

For purposes of screening and for the reasons discussed above, the undersigned respectfully recommends that the district court **RETAIN** Plaintiff's excessive force claim against Officer Hill in his individual capacity for monetary relief.  The undersigned will order service separately on Officer Hill with respect to the excessive force claim retained in this case.  The undersigned recommends further that the Court **DISMISS with prejudice**:

- Plaintiff's claim against the Nueces County Jail; and

- Plaintiff's claim seeking relief in the form of terminating Officer Hill's employment.

Respectfully submitted on March 11, 2026.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).